UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------

ANGEL HERNANDEZ,

                      Petitioner,

            -against-

SUPERINTENDENT, COXSACKIE
CORRECTIONAL FACILITY,

                      Respondent.

------------------------------------------------------

17cv2457

MEMORANDUM & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        Petitioner pro se Angel Hernandez filed this habeas petition pursuant to 28 U.S.C. § 2254 seeking to vacate his 2013 convictions of attempted rape, aggravated sexual abuse, and assault. In August 2017, this Court referred this matter to Magistrate Judge Andrew J. Peck for a Report and Recommendation. On January 22, 2018, Magistrate Judge Peck issued his Report and Recommendation (the "Report"), and recommended denial of Hernandez's petition in its entirety. (Report & Recommendation, ECF No. 21 ("Report"), at 1, 9.) On January 26, 2018, Hernandez filed a list of "issues" with the Magistrate Judge's opinion. (Letter, ECF No. 22 ("Objections").) This Court construes that letter as objections to the Report's findings. For the following reasons, this Court adopts the Magistrate Judge's Report and dismisses Hernandez's habeas petition.

## BACKGROUND

        In February 2013, Hernandez attempted to rape an elderly woman in an elevator in East Harlem. (See State Court Record, ECF No. 19 ("Record"), at 034–035.) In March 2013,

a New York County grand jury indicted Hernandez on charges of attempted rape, aggravated sexual abuse, and assault. (Record, at 030–032.)

In December 2013, Hernandez pled guilty to those charges. (Record, at 002–007.) Justice Michael Obus informed Hernandez that the "controlling sentence would be a determinate term of 14 years with 15 years of post release supervision." (Record, at 003–004.) Hernandez agreed to waive his right to appeal, except for challenges to the legality of his sentence, and certain other matters not relevant here. (Record, at 004–005; 029 ("Waiver").) Justice Obus found that Hernandez's plea was "knowing and intelligent and under the circumstances [a] voluntary decision." (Record, at 008.)

In February 2014, Justice Obus sentenced Hernandez to fourteen years imprisonment with fifteen years of post-release supervision. (SR, at 018.)[1] At that sentencing, Justice Obus acknowledged that "at one point there was some question about whether" Hernandez wished to withdraw his plea. (Record, at 016.) However, at that hearing, Hernandez confirmed that he still wished to plead guilty. (Record, at 017 ("THE DEFENDANT: Yeah. I want to take the 14 years. But I'm not trying to go to trial and get 15 to life.").) Further, Hernandez reiterated his understanding that he was waiving his right to appeal. (Record, at 017.)

Hernandez sought a reduced sentence from the Appellate Division, First Department. (See Record, at 070–098.) The Appellate Division denied that application, and the New York Court of Appeals denied leave to appeal. See People v. Hernandez, 59 N.E.3d 1220 (N.Y. 2016); People v. Hernandez, 18 N.Y.S.3d 328 (N.Y. App. Div. 2015).

---

[1] Justice Obus later resentenced Hernandez based on an error in calculating the sentence for Hernandez's assault charge. (Record, at 020.) That sentence ran concurrently to the fourteen years' imprisonment and fifteen years of post-release supervision, so it did not affect Hernandez's overall sentence. (Record, at 021.)

In April 2017, Hernandez filed this habeas proceeding. (See Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1 ("Petition").) Hernandez raises the following arguments: (1) his sentence was excessive; (2) he was prejudiced from his case being "high profile"; (3) officers made false statements; (4) violation of his Miranda rights; (5) ineffective assistance of trial and appellate counsel; (6) an unconstitutionally insufficient suppression hearing; (7) "maliciousness" by the district attorney and judge; (8) conflicting stories by witnesses; and (9) insufficient grand jury evidence. (See Petition, at 5, 12–17.)[2]

## DISCUSSION

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). This Court reviews de novo those parts of the Report to which objections are made and reviews the remainder for clear error on the face of the record. See 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "When a habeas petitioner makes only generalized or conclusory objections, or simply reiterates his original arguments, courts review a magistrate judge's report for clear error." Smith v. Warden, the State of N.Y., 2017 WL 4838795, at *1 (S.D.N.Y. Oct. 24, 2017) (citing Barratt v. Joie, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002.)).

The Magistrate Judge recommended that this Court deny all claims based on events that occurred before Hernandez pled guilty. (Report, at 5–7.) "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411

---

[2] Citations to Hernandez's habeas petition and Objections refer to the ECF pagination.

U.S. 258, 267 (1973). This finding was reinforced by Hernandez's agreement to an appellate waiver, which Hernandez does not contend was unknowingly or involuntarily. (Report, at 7–8.)

On Hernandez's excessive sentence argument, no cognizable claim exists when a judge's sentence is within the range prescribed by state law. See Dorsey v. Irvin, 56 F.3d 425, 427 (2d Cir. 1995). Here, Hernandez's fourteen year term was within the permissible range for both attempted rape and aggravated sexual assault. (Report, at 9.) Finally, the Magistrate Judge found Hernandez's ineffective assistance claim against his appellate attorney to be unexhausted. (See Report, at 8 n.8.)

Hernandez filed a litany of Objections. He raises various arguments regarding inconsistent grand jury testimony and challenges the Government's use of his prior felony offense. (Objections, at *1–3.) He also reports that his trial lawyer "never discuss[ed] the case" with him and pressured Hernandez to accept the district attorney's plea offer. (Objections, at *2.) Notably, Hernandez admits that he "commit[ed] the crime," but argues the proceedings against him were "unfair." (Objections, at *3.)

Hernandez's objections are without merit. As the Magistrate Judge concluded, all arguments relating to events prior to Hernandez's plea are barred by his guilty plea and appellate waiver. "A defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." United States v. Bastian, 770 F.3d 212, 217 (2d Cir. 2014) (internal citation and quotation marks omitted). Hernandez offers no arguments as to why the Magistrate Judge's determination on this issue should be revisited.

Similarly, although Hernandez contends that his attorney pressured him to take the District Attorney's plea offer ("With a lawyer like that scaring me and manipulating me . . . of course I'm going to cop-out or take plea." (Objections, at *2)), he does not contend his

4

decision to take the plea was either unknowing or involuntary. Indeed, Hernandez confirmed to Justice Obus that he had discussed his case with his attorney and understood he would be giving up his right to trial. Hernandez made clear that he had considered the offer and its ramifications, stating "[y]eah. I want to take the 14 years. But I'm not trying to go to trial and get 15 to life." (Record, at 017.)

Further, a petitioner challenging his attorney's handling of a plea offer must aver "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Premo v. Moore, 562 U.S. 115, 129 (2011) (internal citation and quotation marks omitted). Hernandez does not contend that he would have rejected the plea. A habeas petitioner must also show that rejecting the plea "would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010). Again, Hernandez does not raise this argument. And Hernandez does not argue that his appellate waiver was involuntary or unknowing.

Hernandez also challenges his trial attorney's performance. But "[a]n ineffective assistance of counsel claim survives [a] guilty plea or the appeal waiver only where the claim concerns the advice the defendant received from counsel" concerning the plea. Parisi v. United States, 529 F.3d 134, 138 (2d Cir. 2008) (emphasis added, internal citation, quotation marks, and alteration omitted); Rollins v. United States, 2017 WL 980330, at *2–3 (S.D.N.Y. Mar. 13, 2017). Accordingly, Hernandez's ineffective assistance arguments are precluded by his knowing and voluntary plea. As an aside, Hernandez's representation that his attorney failed to adequately discuss his case with him is belied by Hernandez's other representation that his attorney was "[a]lways telling [Hernandez to] take [the plea]." (Objections, at *2.)

Hernandez's objections do not reiterate his excessive sentence claim, and the law is clear that "[n]o federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).[3]

## CONCLUSION

For the foregoing reasons, this Court adopts the Magistrate Judge's thorough and well-reasoned Report in full and overrules Hernandez's objections. Accordingly, Hernandez's habeas petition is dismissed. Because Hernandez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). This Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is directed to terminate all pending motions, mark this case as closed, and to mail a copy of this Memorandum & Order to Hernandez.

Dated: April 30, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

---

[3] To the extent Hernandez's objections reiterate his ineffective assistance claim as to his appellate counsel, this Court concurs with the Magistrate Judge's finding that such a claim is unexhausted. Although Hernandez claims that he filed a writ of error coram nobis with the Appellate Division First Department (Objections, at *1), both the Government and this Court confirmed with the First Department's Clerk's Office that such a writ was never filed.